UNITED STATES FEDERAL DISTRICT COURT
DISTRICT OF NEBRASKA

| RICHARD JEREMIAH PREECE, an individual<br><br>Plaintiff, | Case No. 8:13-cv-00188 |
|---|---|
| v. | |
| THE COVENANT PRESBYTERIAN CHURCH, a Nebraska non profit domestic corporation,<br><br>Defendant. | JOINT CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER |

Plaintiff Richard Jeremiah Preece ("Plaintiff"), and Defendant Covenant Presbyterian Church ("CPC"), by and through their respective counsel, enter into this Joint Confidentiality Agreement and Stipulated Protective Order ("Confidentiality Agreement") and agree to the following terms and conditions:

### Definitions

1. **_Confidential Information._** As used in this Confidentiality Agreement, "Confidential Information" shall mean: (i) personnel, medical, insurance, or payroll records information concerning any current or former employee of CPC; (ii) other documents, including business records, policies and protocols disclosed by Plaintiff or CPC that are generally considered to be confidential and protected by the privacy interests held by the disclosing party. Use of Confidential Information during this judicial proceeding shall be governed by this Confidentiality Agreement.

## Procedure for Identification of Confidential Information

2. Other than as set forth in paragraphs four, five and six below, the designation of information as "CONFIDENTIAL" shall be made by placing or affixing on the designated information, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL." The designation of information as "Confidential" shall be made prior to, or contemporaneously with, the production or disclosure of the designated information. However, should the disclosing party discover after disclosure that the word "CONFIDENTIAL" was omitted inadvertently from a document or documents, then upon written notice to the other party, that party shall return all such documents. The disclosing party shall then mark the returned documents as "CONFIDENTIAL" and re-produce the documents to the other party within seven (7) business days of the disclosing party's receipt of the inadvertently disclosed documents.

3. Any medical, commercial, financial, business or regulatory records of Plaintiff shall be deemed Confidential whether or not marked "CONFIDENTIAL" and shall be governed by this Confidentiality Agreement.

4. Any personnel files, policies, payroll records, employment records, commercial records, financial records, business records or regulatory records of CPC or any employee or former employee of CPC shall be deemed Confidential Information whether or not marked "CONFIDENTIAL" and shall be governed by this Confidentiality Agreement.

## Effect of Designation as Information as Confidential

5. Information designated as Confidential Information under this Confidentiality Agreement shall not be used or disclosed by any party, counsel for any party, expert witness, consultant, or their employees, for any purpose whatsoever other than in connection with the prosecution and defense of this matter up through and including any appeals.

2

6. Counsel for each party who obtains information designated as Confidential Information under this stipulation shall not disclose or permit disclosure of this information to any person or entity during the course of this litigation other than the following:

   (i) the specific attorneys of record for the parties;
   (ii) office personnel employed by attorneys of record for the parties to the extent necessary to assist in trial preparation or motion practice;
   (iii) expert witnesses who may be used in preparation for trial or in the trial of this action;
   (iv) the parties,
   (v) employees, officers, Session members, elders, deacons and members of the CPC Volunteer Board and CPC Youth Board members, who have direct responsibility in or for this matter;
   (vi) witnesses who agree in writing to comply with the provisions of this agreement, and
   (vi) any person who authored or received such information or documents in the ordinary course of business.

7. Nothing contained in this Confidentiality Agreement shall preclude any party or its authorized representative from:

   (i) designating that party's own information as Confidential Information;
   (ii) using that party's own Confidential Information in the regular course of its business; or
   (iii) revealing that party's own Confidential Information to whomever it chooses.

However, this Paragraph shall not be interpreted as allowing any party to:

   (i) designate the opposing party's information as Confidential Information;

3

(ii) use the opposing party's Confidential Information in the regular course of business; or (iii) reveal the opposing party's Confidential Information to anyone, except as set forth herein.

8. Upon final determination of this action, whether by judgment, settlement, or otherwise, counsel of record and each party, person, and entity who obtained documents from a party that are designated as Confidential Information shall return any such documents and all copies thereof to the party or the party's counsel who provided the documents.

9. Any third parties, other than counsel of record and those CPC employees responsible for this litigation including, but not limited to, those responsible for assembly and maintenance of records, who are provided with any Confidential Information shall be subject to the terms and conditions of this Confidentiality Agreement and shall be required to read, sign and date a copy of this Order agreeing to be bound by its terms. The party's attorney by whom the disclosure was made shall retain a copy of the signed Order in the event if is required for later proceedings or demanded by opposing counsel.

10. This Confidentiality Agreement is effective on the date agreed to by the parties which may predate the entry of this order set forth below.

11. Should any portion of this Confidentiality Agreement be deemed unenforceable, the portion of this agreement shall not invalidate the remainder of the provision of the section or the agreement.

12. This Confidentiality Agreement shall be governed by the laws of Nebraska. In the event of any action arising hereunder, venue shall be proper in the United States District Court for the District of Nebraska.

13. The parties reserve the right to change or modify this Confidentiality Agreement in writing at any time, provided that no change is effective against or binding upon any party unless and until any written change or modification is signed by that party or its counsel.

IT IS SO ORDERED.

DATE: February 24th, 2014.

                                                    s/ Thomas D. Thalken
                                                  United States Magistrate Judge

Respectfully submitted and stipulated,

| | |
|---|---|
| RICHARD JEREMIAH PREECE, Plaintiff | COVENANT PRESBYTERIAN CHURCH., Defendant |
| /s/ Terry A. White | [signature] |
| Terry A. White, NE #18282 | Jerald Rauterkaus #18151 |
| Thompson Law Office, PC, LLO | Adam R. White, NE #23724 |
| 13906 Gold Circle, STE 201 | ERICKSON \| SEDERSTROM, P.C. |
| Omaha, NE 68144 | Regency Westpointe, Suite 100 |
| Telephone: 402-330-3060, ext. 111 | Omaha, NE 68114 |
| Facsimile: 402-330-3060 | Telephone: 402-397-2200 |
| Email: terry@thompson.law.pro | Facsimile: 402-390-7137 |
| | Email: jlr@eslaw.com |
| Attorneys for Plaintiff | Email: awhite@eslaw.com |
| | Attorneys for Defendant |