IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD JEREMIAH PREECE, an Individual, | 8:13CV188 |
| Plaintiff, | |
| vs. | ORDER |
| THE COVENANT PRESBYTERIAN CHURCH, a Nebraska non-profit domestic corporation, | |
| Defendant. | |

This matter is before the court on the defendant's Motion for Reconsideration (Filing No. 87). The defendant seeks reconsideration of the court's March 6, 2015, Memorandum and Order (Filing No. 82) denying the defendant's Motion for Summary Judgment (Filing No. 52).[1] The defendant filed a brief (Filing No. 88) in support of the motion. The plaintiff filed a brief (Filing No. 90) opposing reconsideration. The defendant filed a brief (Filing No. 91) in reply.

The defendant employed the plaintiff from August 1, 2010, until July 3, 2012. **See** Filing No. 1 - Complaint ¶¶ 1, 9. The plaintiff alleged the defendant terminated his employment due to his gender and marital status, and in retaliation for complaining about sexual harassment committed by a pastor who was the plaintiff's direct supervisor. *Id.* ¶¶ 11, 15. Specifically, the plaintiff alleges he filed for divorce during his employment and became the single parent of four children. *Id.* ¶ 10. Additionally, the plaintiff alleges he was subjected to "episodes of uninvited touches, elongated frontal body hugs, back rubs and neck massages, private office visits, and unsolicited invitations for drinks, dinner and companionship" on a daily basis. *Id.* ¶ 11. Based on these allegations, the plaintiff asserts claims against the defendant for: 1) gender discrimination, in violation of Title VII of the Civil Rights Act of 1967, as Amended, 42 U.S.C. § 2000e-2, *et seq.* (Title VII), and the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. § 48-1101, *et seq.* (NFEPA); 2) marital status discrimination, in violation

---

[1] On March 6, 2015, after entering the order on summary judgment, Senior Judge Joseph F. Bataillon transferred this case to the undersigned in accordance with the parties' consent to jurisdiction by a United States Magistrate Judge and 28 U.S.C. § 636(c). **See** Filing No. 83.

of the NFEPA; and 3) retaliation, in violation of Title VII and the NFEPA.  **See** Filing No. 1 - Complaint.  The defendant generally denies the plaintiff's allegations, alleging the plaintiff resigned for personal reasons.  **See** Filing No. 13 - Answer.

On September 26, 2014, the defendant filed a motion for summary judgment on the bases the plaintiff failed to provide proper notice of sexual harassment and, in any event, the First Amendment to the U.S. Constitution and the ministerial exception to employment discrimination statutes shield the defendant from liability.  **See** Filing Nos. 52 and 55.  On March 6, 2015, the court denied summary judgment finding material issues exist about whether (1) the plaintiff was a "minister" for the defendant, such status being a prerequisite to applying the ministerial exception; (2) the alleged sexual harassment was severe and pervasive enough to create a hostile work environment; and (3) the plaintiff was reasonable in reporting sexual harassment to the person who he wrongly believed to be his immediate supervisor.  **See** Filing No. 82.

On March 17, 2015, the defendant filed the instant motion for reconsideration arguing the court committed manifest errors of law and fact justifying reconsideration of the court's March 6, 2015, Memorandum and Order denying summary judgment.  **See** Filing Nos. 87, 88, and 91.  First, the defendant contends the court erred by failing to apply the ministerial exception, as a matter of law, by disregarding relevant case law and undisputed facts supported by the record and by finding a question of fact existed. **See** Filing No. 88 - Brief p. 2-9; Filing No. 91 - Reply p. 2.  Second, the defendant argues the court failed to identify any evidence that the alleged sexual harassment affected a term, condition, or privilege of the plaintiff's employment.  **See** Filing No. 88 - Brief p. 9-11; Filing No. 91 - Reply p. 2.  Finally, the defendant contends the court erred by failing to apply the ***Ellerth-Faragher*** affirmative defense by disregarding undisputed evidence demonstrating the plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the defendant.  **See** Filing No. 88 - Brief p. 11-14; Filing No. 91 - Reply p. 2.

The plaintiff denies the defendant provides justification for reconsideration.  **See** Filing No. 90 - Response p. 1-3.  The plaintiff argues the defendant merely wants a different result.  ***Id.*** at 3.

## ANALYSIS

The defendant filed the motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).

> Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence.  They are not to be used to introduce new evidence that could have been adduced during pendency of the motion at issue . . . [or] to tender new legal theories for the first time.

*Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (internal citation and quotation marks omitted).  Under the rule, a court may reconsider a previous order based on additional facts or a change of circumstances.  **See** *Peter Kiewit Sons', Inc. v. Wall St. Equity Grp., Inc.*, No. 8:10CV365, 2012 WL 5400037, at *4 (D. Neb. Nov. 5, 2012).

Reconsideration is appropriate where the movant shows entitlement to relief under at least one of the following conditions:

> (1)     mistake, inadvertence, surprise, or excusable neglect;
> (2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4)     the judgment is void,
> (5)     the judgment has been satisfied . . .; or
> (6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Upon review of the record, the court finds the defendant fails to provide justification for reconsideration of the court's March 6, 2015, Memorandum and Order denying summary judgment.  The evidence suggests material disputes of fact exist precluding summary judgment.

Nevertheless, whether the ministerial exception to employment discrimination laws "attaches at all is a pure question of law which this court must determine for itself." *Conlon v. InterVarsity Christian Fellowship*, 777 F.3d 829, 834 (6th Cir. 2015) (relying on *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C.*, 132 S. Ct. 694, 699 (2012)); *Miller v. Bay View United Methodist Church, Inc.*, 141 F. Supp. 2d 1174, 1181 (E.D. Wis. 2001).  Accordingly, the court will hold a pretrial hearing to

resolve any factual disputes regarding the plaintiff's employment for application, if appropriate, of the ministerial exception.  Upon consideration,

**IT IS ORDERED**:

1.      The defendant's Motion for Reconsideration (Filing No. 87) is denied.

2.      The hearing will be held before the undersigned magistrate judge on **Friday, April 10, 2015, at 10:00 a.m.**, in Courtroom No. 7, Second Floor, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

3.      **On or before April 8, 2015**, counsel shall file briefs including a complete recitation of the facts, with pin point citation to the record, and law in support of their respective positions on the issue of whether the plaintiff was a "minister" for the defendant requiring application of the ministerial exception.

Dated this 31st day of March, 2015.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge

4